EASTERN DIS. *May, 1833.*

SENAC *vs.* PRITCHARD.

error apparent on the record, or certificate of the judge; the Supreme Court cannot examine the correctness of the decree of the judge *a quo.*

---

SENAC *vs.* PRITCHARD.

APPEAL FROM THE COURT OF THE PARISH AND CITY OF NEW-ORLEANS.

The provisions contained in the 2267th and 2269th articles of the *Loaisiana Code,* relate to cases where the lessee is not in fault, and cannot be extended to a case where he violates the contract.

An absence of proof of an unnecessary averment in the petition does not defeat the plaintiff's right of action.

Payment by a lessee does not affect his right to avoid the lease because certain stipulated repairs have not been made on the premises.

This cause came on to be heard on a second appeal. The petition states that the plaintiff with his family removed into a house of the defendant who promised to repair the apartments and out houses, and fit the premises so as to make a comfortable residence, and that he had not complied with that promise.

The lease signed by the parties in their own words, "Witnesseth, that Richard O. Pritchard hath and doth hereby let unto the said Doctor Senac, the dwelling situate on Bienville-street, for the term of one year, to begin on the first

day of December, 1830, and to end on the first day of De-
cember, 1831, for the sum of eight hundred and forty dollars
payable monthly."

The plaintiff continued to reside in the house until January,
1831, when a partition wall having been prostrated by a
storm, and the defendant refusing to repair it, and the house
being in an untenable condition, he removed.

The defendant denied the allegations of the petition. The
jury having found a verdict in his favor, and judgment having
been accordingly rendered, the plaintiff appealed.

This court remanded the cause to be tried *de novo*, for
reasons stated in its opinion. Vide 2 *La. Rep.* 160.

On the second trial, judgment was rendered for the
plaintiff for one hundred and fifty dollars. The defendant
appealed.

PORTER, J. delivered the opinion of the court.

This action is brought by the lessee against the lessor to
obtain the rescission of a contract of lease, on the allegation,
that the tenement is not habitable for want of repairs which
the defendant should make, and which he promised to make.
Damages are claimed for the breach of the contract. The
petition also charges that the plaintiff has paid all but a small
portion of the rent, and that he is willing to pay that.

The cause was submitted to a jury in the court of the first
instance, who found that the facts authorised a dissolution of
the lease, and assessed the plaintiff's damages at one hundred
and fifty dollars.

The court after rejecting an application for a new trial,
gave judgment in conformity with the verdict, and the
defendant appealed.

The facts we think fully justify the conclusion to which
the jury came as to the right of the plaintiff to have the lease
annulled. The amount of damages was a matter of which
they were better judges than we are, though we have a con-
trolling power over them even on that matter, when their
conclusions are directly and plainly opposed to the weight of

Payment by a lessee does not affect his right to avoid the lease because certain stipulated repairs have not been made on the premises.

evidence. Such, however, is not the case here. We have been referred to article 2667 and 2269 of the *La. Code*, to show that damages are not due in a case like this. The provisions contained in these articles relate to causes where the lessor is not in fault, they are exceptions to the general prin- ciple. And there is no ground whatever for extending ¡the rules laid down by them to cases where the lessor violates his contract. It was argued that the plaintiff had averred in the petition that he had paid the rent up to a particular time, and that there is no proof to be found of his having done so. The plaintiff need not have stated this, and the want of proof in support of it cannot defeat his action. The entry on pre- mises under a contract of lease, and the remaining in pos- session under a promise that they shall be put in repair, does not prevent the lessee from avoiding the lease when he finds these repairs will not be made. Payment or non-pay- ment of the rent cannot affect this right, unless so far as the fact of paying rent is some evidence that the property was worth, even in the state the lessee held it, the sum stipulated for its use. The benefit of that presumption the defendant had under the pleadings.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be affirmed with costs.

*Eustis* and *Sterrett*, for appellant.

*Schmidt*, for appellee.